**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Van E. Flury, | No. CV-11-1166-PHX-FJM |
| Plaintiff, | **ORDER** |
| vs. | |
| CSC Credit Services; Dealer Services Corporation, | |
| Defendants. | |

The court has before it plaintiff's motion to amend the complaint (doc. 17), defendant Dealer Services Corporation's ("DSC") response (doc. 19), and plaintiff's motion to strike DSC's response (doc. 21).

Plaintiff filed this case under the Fair Credit Reporting Act, 15 U.S.C. § 1681 ("FCRA"), against CSC Credit Services and Dealer Services Corporation, contending that they had obtained four consumer credit reports without a permissible purpose in violation of 15 U.S.C. § 1681b(a). On July 5, 2011, DSC filed a motion to dismiss the case (doc. 5), arguing that plaintiff had failed to allege any conduct that would establish the elements of a FCRA violation and that a forum selection clause dictates that this action be brought in Indiana. Two days later, plaintiff filed a notice of voluntary dismissal of DSC. Plaintiff has now filed a motion to amend the complaint in order to do nothing more than reinstate his

1  claims against DSC. DSC objected to the proposed amendment on the basis of futility and
2  again relies upon its earlier motion to dismiss the complaint. Plaintiff has replied with a
3  motion to strike DSC's response, arguing that it is not allowed since DSC is no longer a party
4  to this case. Plaintiff has now also filed a stipulation of dismissal of defendant CSC Credit
5  Services, the only other defendant in this action (doc. 23).

6  DSC charges that plaintiff has a long history of filing frivolous lawsuits and our
7  review of this court's docket confirms that charge. Plaintiff has filed eleven lawsuits against
8  various defendants over the last four years, and with the exception of one case that ended in
9  a default judgment, plaintiff has voluntarily dismissed every action once the defendant
10 moved to dismiss the case or otherwise responded to the complaint. We have now been
11 presented with the same scheme.

12 We reject plaintiff's motion to strike. Plaintiff cannot use gamesmanship to avoid a
13 ruling on the merits of DSC's motion to dismiss. Having considered DSC's response to the
14 motion to amend as well as its motion to dismiss, we agree that the proposed amendment
15 would be futile.

16 First, rather than comply with LRCiv 15.1, which requires that a motion to amend
17 must be accompanied by a copy of the proposed amended pleading, plaintiff simply stated
18 that "[t]he only amendment to the complaint would be to re-add Dealer Services Corporation,
19 as a co-defendant." Motion at 17. This is not sufficient to satisfy Rule 15.1, particularly in
20 light of the voluntary dismissal of this defendant only one month earlier.

21 Instead, plaintiff asserts the same defective allegation against DSC contained in the
22 original complaint. He asserts only that DSC obtained his consumer credit report "without
23 a permissible purpose." Compl. ¶ 5. This conclusory allegation is unsupported by a single
24 factual allegation, and is wholly insufficient to state a claim for relief. See Bell Atl. Corp.
25 v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007). Therefore, the proposed
26 amendment would be futile and the motion to amend is denied.

27 **IT IS ORDERED GRANTING** the stipulation of dismissal against CSC Credit
28 Services, Inc. (doc. 23).

1    **IT IS FURTHER ORDERED DENYING** plaintiff's motion to amend (doc. 17), and
2 **DENYING** plaintiff's motion to strike (doc. 21).
3    Having dismissed the only two defendants, denied the motion to amend, and no
4 reasonable basis for amendment appearing, this action is concluded. The clerk shall enter
5 final judgment.
6    DATED this 29th day of September, 2011.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge