**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Van E. Flury,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>CSC Credit Services; Dealer Services Corporation,<br><br>　　　　Defendants. | No. CV-11-1166-PHX-FJM<br><br>**ORDER** |

Plaintiff filed this action under the Fair Credit Reporting Act, 15 U.S.C. § 1681 ("FCRA"), against CSC Credit Services ("CSC") and Dealer Services Corporation ("DSC"), contending only that they had obtained four consumer credit reports "without a permissible purpose" in violation of 15 U.S.C. § 1681b(a). On July 5, 2011, DSC filed a motion to dismiss the case (doc. 5), challenging plaintiff's conclusory allegation. Two days later, plaintiff filed a notice of voluntary dismissal of DSC. Plaintiff then filed a motion to amend the complaint to do nothing more than reinstate his claim against DSC. At the same time, plaintiff voluntarily dismissed CSC. On September 29, 2011, we denied plaintiff's motion to amend on the basis of futility (doc. 24).

We now have before us DSC's motion for attorney's fees (doc. 26) and memorandum in support (doc. 28), plaintiff's prematurely-filed response (doc. 27) and supplemental response (doc. 31), and DCS's reply (doc. 32).

1    DSC seeks fees in the amount of $11,769.85 pursuant to 15 U.S.C. § 1681n(c), which
2 provides for fees to the prevailing party when the court finds that the action under the FCRA
3 "was filed in bad faith or for purposes of harassment." Plaintiff does not challenge the
4 amount of fees requested, but instead contends that DSC is not entitled to fees because it is
5 not a prevailing party and because DSC has not proven bad faith. We disagree with plaintiff
6 on both counts.

7    We first conclude that DSC is the prevailing party in this action. Plaintiff relies on
8 Cadkin v. Loose, 569 F.3d 1142 (9th Cir. 2009), which held that the defendant was not a
9 prevailing party entitled to attorney's fees because the plaintiff had voluntarily dismissed the
10 case without prejudice. In contrast to Cadkin, plaintiff in the instant case not only voluntarily
11 dismissed the defendants, but we also denied his motion to amend the complaint on the basis
12 of futility and dismissed the action with prejudice. See Fed. R. Civ. P. 41(b) (such a
13 dismissal "operates as an adjudication on the merits"). This is an order that "created a
14 material alteration of the legal relationship of the parties." Cadkin, 569 F.3d at 1148.

15   We also conclude that plaintiff's bad faith is sufficiently demonstrated by his failure
16 to support his claim that DSC improperly accessed his credit report with any factual
17 allegations. His complaint contains a single conclusory allegation that his credit report was
18 obtained "without a permissible purpose." His proposed amendment added nothing to this
19 claim. Moreover, plaintiff had no good faith basis for alleging an FCRA violation given that
20 he had given express authorization to DSC to conduct any credit investigation that DSC
21 deemed necessary. Motion, ex. 1. Finally, the present action is the latest in a pattern of
22 litigation, whereby plaintiff files frivolous lawsuits, only to voluntarily dismiss them once
23 the defendant moves to dismiss or otherwise answers the complaint. (See doc. 24 at 2).
24 Indeed, plaintiff's refusal to acknowledge that this case was dismissed with prejudice
25 (Response at 3 [doc. 27]) suggests he is still engaged in bad faith.

26   Plaintiff does not challenge the amount of fees requested. Nevertheless, we have
27 reviewed the itemized statement of fees and expenses and find them to be reasonable.

28   Therefore, **IT IS ORDERED GRANTING** DSC's motion for attorney's fees and

1  awarding DSC fees and costs in the amount of $11,769.85.
2      DATED this 1st day of February, 2012.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge