**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Van E. Flury, | No. CV-11-01166-PHX-FJM |
| Plaintiff, | **ORDER** |
| v. | |
| CSC Credit Services, et al., | |
| Defendants. | |

The court has before it Plaintiff's Motion for Relief from Judgment (Doc. 36), Defendants' Response (Doc. 38), and Plaintiff's Reply (Doc. 40).

We granted Defendants' Motion for Fees and Costs (Doc. 26) back on February 1, 2012 (Doc. 33). The Clerk entered judgment on February 6, 2012 (Doc. 34). Plaintiff, over six years later, now complains that the judgment was signed by the Clerk rather than a judge. Defendants point out that the court awarded only costs and a sum certain for fees, and under Rule 58(b)(1)(B), Fed. R. Civ. P., the Clerk, and not the judge, signs the judgment. Plaintiff contends that this matter is not controlled by Rule 58(b)(1)(B) because the sum certain was not a "merits" award.

We will deny the motion for two independent reasons. First, and foremost, the judgment is for the very costs and fees granted by this court. Rule 58(b)(1)(B) is expressly applicable. There is no "merits" limitation to sums certain, just as, by definition, there is no merits limitation to costs. Indeed, if the Clerk can sign a judgment for a merits sum certain, which is the main event, the Clerk can sign a judgment for a sum

certain for costs and fees, which is ancillary to the main event. The judge already signed the order awarding the costs and fees. There is nothing more for the judge to do. Signing the judgment is a ministerial act that Rule 58(b)(1)(B) commits to the Clerk. Indeed, under Rule 58(a), Fed. R. Civ. P., a separate document is not even required for the order disposing of a motion for attorneys' fees under Rule 54, Fed. R. Civ. P. Here, we reduced it to writing (Doc. 33) for a sum certain and the Clerk had a mandatory duty to enter judgment without any further direction under Rule 58(b)(1)(B).

Second, a motion for relief from judgment based on a claim of voidness, as is wrongfully made here, must be filed within a reasonable time under Rule 60(b)(4), Fed. R. Civ. P. Six years, without any showing of extraordinary circumstances, is unreasonable in the extreme. Accordingly,

it is ORDERED DENYING Plaintiff's Motion for Relief from Judgment Under Rule 60(b)(4). (Doc. 36).

Dated this 16th day of July, 2018.

*Frederick J. Martone*
Frederick J. Martone
Senior United States District Judge