WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Van E. Flury, | No. CV 11-01166-PHX-FJM |
| Plaintiff, | **ORDER** |
| v. | |
| CSC Credit Services, et al., | |
| Defendants. | |

The court has before it Plaintiff's Motion for Post Judgment Relief (Doc. 42), Defendant's Response (Doc. 43), and Plaintiff's Reply (Doc. 45). Plaintiff contends that the renewal of the judgment for fees was untimely because the judgment was entered on February 1, 2012, not February 6, 2012, as is contended by the Defendant. My order granting a motion for fees was entered on the docket on February 1, 2012 (Doc. 33). The clerk's judgment for fees was entered on the docket on February 6, 2012 (Doc. 34).

The court assumes (because the parties do), without deciding, that A.R.S. §12-1612 applies to a federal judgment. Under that statute, the time period is triggered by "the date of entry of such judgment."

If the state statute refers to entry of judgment under state law, then under Rule 58(b), Ariz. R. Civ. P., a written judgment is required, Rule 58(b)(1), and is entered when the clerk files it, Rule 58(b)(2)(A). The clerk, of course, filed the written judgment on February 6, 2012.

///

If, on the other hand, the state statute refers to the entry of judgment under the law of the jurisdiction in which the judgment was entered (here, federal), then Rule 58, Fed. R. Civ. P., controls. A judgment is entered when it is entered on the civil docket, Rule 58(c). The clerk entered the order granting fees on February 1, 2012, and the separate written judgment on February 6, 2012. Plaintiff contends that because no separate written judgment was required for the order granting fees, Rule 58(a)(3), Fed. R. Civ. P., the order granting fees on February 1, 2012, was the judgment. But to say that a separate document is not required is not to say that it is prohibited. As the Comment to the 2002 Amendment to Rule 58 states, "[t]he new all-purpose definition of the entry of judgment must be applied with common sense to other questions that may turn on the time when judgment is entered." The entry of a separate document is helpful to the parties and reduces uncertainty.

I am of the view that if the state statute applies at all, it refers to the definition of entry of judgment under state law. If, alternatively, the state statute incorporates by reference federal law, common sense would dictate that the separate written judgment controls over the order granting judgment in determining which is the judgment for purposes of time of entry. Otherwise, the permitted separate written judgment would have no meaning at all. Under either alternative, the judgment was entered on February 6, 2012.

Accordingly, it is ORDERED DENYING Plaintiff's Motion for Post Judgment Relief (Doc. 42).

Dated this 1st day of October, 2018.

*Frederick J. Martone*

Frederick J. Martone
Senior United States District Judge